# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LAURANCE KRIEGEL,

        Plaintiff,

v.                                                                 No. 17cv1082 KK

USDA and USDA-FSA,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING CASE TO NORTHERN DISTRICT OF TEXAS

**THIS MATTER** comes before the Court on Plaintiff's Writ to Enact Parity, Doc. 1, filed October 30, 2017. For the reasons stated below, the Court concludes the District of New Mexico is not a proper venue for this case and **TRANSFERS** this case to the Northern District of Texas.

Plaintiff, who resides in Bovina, Texas, seeks an order that would, among other things, require United States Department of Agriculture ("USDA") employees to comply with certain statutes and federal regulations when implementing the "Parity Program" which sets prices and loan rates for commodities, and makes payments to farmers. Plaintiff filed this action pursuant to 28 U.S.C. § 1361 which states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The statute governing venue in actions where the defendant is an officer or employee of the United States provides:

> **(1) In general.**--A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which

(A) a defendant in the action resides,

(B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. §1391(e)(1). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court concludes the District of New Mexico is not a proper venue for this case under § 1391(b), because there are no allegations that a defendant resides in the District of New Mexico or that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court will transfer this case to the Northern District of Texas because Plaintiff resides in Bovina, Texas, which is in the Northern District of Texas.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Northern District of Texas.

_____
**UNITED STATES MAGISTRATE JUDGE**